**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT SANGO,

Plaintiff,

vs.

DAPHNE JOHNSON, et. al.,

Defendants,
_________________________________/

CASE NO. 2:13-CV-12808
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff is an inmate currently incarcerated with the Michigan Department of Corrections. On or about June 26, 2013, plaintiff filed a civil rights complaint with this Court pursuant to 42 U.S.C. § 1983. On July 1, 2013, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to pay the $ 400.00 filing fee or to submit an application to proceed *in forma pauperis* within thirty days of the order. To date, plaintiff has neither paid the filing fee in full or supplied this Court with the requested information. The order of deficiency, in fact, was returned to this Court as undeliverable and plaintiff has not informed this Court of any change in his address. For the reasons stated below, the complaint is dismissed without prejudice.

**I. Discussion**

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner

brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

The Court will dismiss the complaint without prejudice for want of prosecution, because of plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v.*

*Kula,* 113 Fed. Appx. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 Fed. Appx. 804, 805 (6th Cir. 2003).

Plaintiff's complaint is further subject to dismissal because he has not kept this Court apprised of any change in his address. Local Rule 11.2 provides this Court the authority to dismiss a case for failure to keep the court apprised of address changes. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2.

Plaintiff failed to inform this Court of any change in address. *Pro se* litigants have the same duty as counsel do to notify the court of any change of address. *See Carey v. King*, 856 F. 2d 1439, 1441 (9th Cir. 1988). Because plaintiff has not apprised this Court of any change in address, his complaint is also subject to dismissal on that ground. *See Brown v. White,* No. 2010 WL 1780954, * 1 (E.D. Mich. April 30, 2010).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing

requirements of the Prison Litigation Reform Act, as well as plaintiff's failure to comply with E.D. Mich. L.R. 11.2.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 29, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 29, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant