UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

        CASE NO. 2:13-CV-12808
        HONORABLE ARTHUR J. TARNOW
        UNITED STATES DISTRICT JUDGE

    Plaintiff,

vs.

DAPHNE JOHNSON, et. al.,

    Defendants,
_____/

**OPINION AND ORDER GRANTING THE MOTION TO ALTER JUDGMENT, VACATING THE ORDER OF DEFICIENCY, DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING SERVICE UPON THE DEFENDANTS**

Plaintiff is an inmate currently incarcerated at the Ionia Correctional Facility in Ionia, Michigan. Plaintiff filed a civil rights complaint with this Court pursuant to 42 U.S.C. § 1983 on June 26, 2013. On August 29, 2013, this Court summarily dismissed plaintiff's complaint on the ground that he had failed to comply with a deficiency order which directed plaintiff to pay the $ 400.00 filing fee or to submit an application to proceed *in forma pauperis* within thirty days of the order. *Sango v. Johnson*, No. 13-12808, 2013 WL 4614257 (E.D. Mich. August 29, 2013).

Plaintiff has now filed a motion to alter judgment. For the reasons that follow, the Court will grant the motion to alter judgment and will vacate the order of deficiency. The Court will further order the Clerk of the Court to reopen the case to the Court's active docket. The Court will also grant plaintiff's application to proceed

*in forma pauperis.* Finally, the Court will order the U.S. Marshall's Office to effect service upon the defendants.

A motion to alter or amend judgment brought by a prisoner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004)(*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.*

In his motion to alter judgment, plaintiff claims that he was transferred from the St. Louis Correctional Facility, where he was incarcerated at the time he filed the complaint, to his current place of incarceration almost simultaneously with the filing of his complaint. Plaintiff claims that the prison officials at the St. Louis Correctional Facility never forwarded a copy of the deficiency order to plaintiff at the Ionia Correctional Facility, thus, he did not know that there were problems with his complaint. Plaintiff has now filed along with his motion to alter judgment an application to proceed *in forma pauperis.*

2

2:13-cv-12808-AJT-DRG   Doc # 11   Filed 10/02/13   Pg 3 of 4   Pg ID 44

A district court may, in its discretion, grant an additional thirty days from the date of the filing of the extension order to allow the prisoner to correct the deficiency. *See McGore v. Wrigglesworth,* 114 F. 3d 601, 605 (6th Cir. 1997). In light of the fact that plaintiff was transferred to another prison facility at the time he filed the complaint and did not receive a copy of the order of deficiency, this Court will grant plaintiff an extension of time to correct his deficiency, which he has now done. Accordingly, the Court will grant plaintiff's motion to alter or to amend judgment and vacate the order of deficiency. The Court will further order the Clerk of the Court to reopen the case to the Court's active docket. The Court will also grant plaintiff permission to proceed *in forma pauperis.*

Finally, the Court will order that the complaint be served upon the defendants because plaintiff's allegations, if true, could state a claim for which relief could be granted pursuant to 42 U.S.C. § 1983. Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshall's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). The Court will order the United States Marshall's Office to direct service towards the defendants.

3

## ORDER

Based upon the foregoing, **IT IS ORDERED** that the motion to alter judgment [Dkt. # 7] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Order of Deficiency [Dkt. # 3] is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court reopen the case to the Court's Active Docket.

**IT IS FURTHER ORDERED** that the application to proceed *in forma pauperis* [Dkt. # 8] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's complaint [Dkt. # 1] be served upon the named defendant by the U.S. Marshall without prepayment of fees.

s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT COURT

DATED: October 2, 2013