UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

                Plaintiff,        Civil Action No. 13-12808
                                         Honorable Arthur J. Tarnow
                                         Magistrate David R. Grand

v.

DAPHNE JOHNSON, *et al.*,
                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF
ROBERT SANGO'S MOTION FOR PRELIMINARY INJUNCTION [17]
AND HIS MOTION FOR TEMPORARY RESTRAINING ORDER [59]**

### I. RECOMMENDATION

Before the Court are two motions filed by Robert Sango. The first is a motion for preliminary injunction, requesting that the Court order that Sango be transferred out of administrative segregation section of the prison in which he is presently housed, his good time credit reinstated and a misconduct finding be reversed unless and until a Court finds otherwise. [17]. The second motion is entitled a motion for temporary restraining order, but in substance asks the Court to require a number of Michigan Department of Corrections ("MDOC") employees submit to polygraph examinations. [59]. For the following reasons, the Court RECOMMENDS that both motions [17, 59] be DENIED.

### II. REPORT

#### A. Background

This case arises out of Sango's claims that prison officials and others violated (and continue to violate) his constitutionally protected rights during his incarceration. [1, 90]. Among other things, Sango alleges that the defendants engaged in a conspiracy to retaliate

against him for his participation in separate litigation against MDOC employees arising out of allegations of drug trafficking by employees inside the prison. He alleges that various employees have retaliated against him by, among other things, denying him healthcare, mishandling his meals, intercepting his legal mail, filing unfounded misconduct tickets, recruiting other prisoners to physically harm him, and moving him to administrative segregation on the basis of unfounded misconduct allegations.

After filing his original complaint, Sango filed the instant motion for preliminary injunction, seeking an Order of the Court that would permit his transfer out of administrative segregation, among other relief, until a hearing could be held on the merits of his underlying claim. [17]. In the interim, Sango filed an amended complaint, ordered by the Court, consolidating into one filing numerous additional allegations and parties that he had alleged in other filings. [90]. However, the amended complaint continues to allege the same general substantive allegations as the original, and the MDOC defendants have continued to brief the issue even in the face of the amended complaint. Therefore, the Court now addresses the motion on its merits.

Sango also filed a motion for temporary restraining order. [59]. However, although styled as a TRO motion, the motion really seeks a Court order requiring the polygraph examination of several MDOC employees on several questions of fact regarding the allegations of the underlying complaint.

    **B.**    **Motion for Preliminary Injunction**

Sango's first motion seeks a preliminary injunction requiring his return to the general prison population from administrative segregation until such time as the Court rules on the merits of his claim that his presence in segregation is the product of MDOC officials' retaliation against

him, and that he was not afforded a full or fair hearing before being placed in segregation. The MDOC defendants' original response to the motion was to argue that the three original defendants, Johnson, MacEachen and Russell, had no personal involvement in the decision to move Sango to segregation, and that the Court had no jurisdiction to bind non-parties. [70]. In their amended response, filed subsequent to Sango's filing of his amended complaint naming numerous additional defendants, the original three defendants argue that Sango is merely trying to use this Court to lodge an appeal of his misconduct finding, and that this is an improper forum for such a claim, which would properly be filed in state court. *See Shelly v. Johnson*, 684 F. Supp. 941, 945 (W.D. Mich. 1987) *aff'd* 849 F.2d 228 (6th Cir. 1988); MCL § 791.255.

The factors to be considered by a district court in ruling on a request for a preliminary injunction are: (1) whether the movant is likely to succeed on the merits; (2) whether the movant will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *See Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994); *Keweenaw Bay Indian Community v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993).

Considering these factors, the Court concludes that Sango has failed to make the requisite showing necessary to support a preliminary injunction in his favor as there is little likelihood of Sango succeeding on the merits of this claim. While prisoners may lodge a due process claim where a change in conditions of confinement "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life," (*Sandin v.* Conner, 515 U.S. 472, 484 (1995)), Sango has alleged no facts about the ordinary conditions of his confinement, let alone how those conditions compare to the conditions in administrative segregation, thereby preventing meaningful review of the subject. *Williams v. Lindamood*, 526 Fed. Appx. 559, 562 (6th Cir.

3

2013).

Furthermore, the prevailing case law holds that an "increase in security classification . . . does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005). The Court in *Harbin-Bey* rejected an inmate's argument that he was entitled to a hearing prior to reclassification. *Id.* Similarly, in *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995), the Sixth Circuit concluded that placement in administrative segregation without a hearing did not amount to a due process violation. These cases demonstrate that Sango's claims that he was not provided a full and fair hearing before being placed administrative segregation does not amount to an "atypical and significant" hardship, in which he has a protected interest. *Harden-Bey v. Rutter*, 524 F.3d 789, 794-95 (6th Cir. 2008). Because Sango fails to show a likelihood of success on the merits of his claim, the remaining preliminary injunction factors, "being dependent on the likelihood of success factor, are accordingly rejected." *Williams*, 526 Fed. Appx. at 564. Therefore, the Court recommends that his motion for preliminary injunction [17] be denied.

   **C.**  **Motion for Temporary Restraining Order**

While Sango styles his motion as one for "temporary restraining order," it is factually a motion seeking discovery through polygraph examination of several MDOC employees. [59]. The Federal Rules of Civil Procedure do not provide for discovery in the form of compelling polygraph examinations of parties or other individuals, and Sango has provided the Court with no other valid basis for ordering one in this case. Therefore, the Court recommends denying this motion.

## III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Sango's Motion for Preliminary Injunction **[17]** and his Motion for Temporary Restraining Order **[59]** be **DENIED**.

Dated: May 22, 2014                                                      s/David R. Grand
Ann Arbor, Michigan                                                    DAVID R. GRAND
                                                                                      United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

Dated: May 22, 2014