UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

                Plaintiff,        Civil Action No. 13-12808
                                   Honorable Arthur J. Tarnow
                                   Magistrate David R. Grand

    v.

DAPHNE JOHNSON, *et al.*,
                Defendant.
_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [27] AND MOTION FOR SUPPLEMENTAL JURISDICTION [66] AS MOOT

**I.    RECOMMENDATION**

Before the Court are two motions filed by Plaintiff Robert Sango that relate to his original complaint, which is no longer in effect since his filing of an amended complaint on April 14, 2014. [90]. As a result, the Court **RECOMMENDS DENYING AS MOOT** Sango's motion for summary judgment **[27]** and his motion for supplemental jurisdiction **[66]**.

**II.    REPORT**

    **A.    Background**

This case arises out of Sango's claims that prison officials and others violated (and continue to violate) his constitutionally protected rights during his incarceration. [1]. On November 15, 2013, Sango moved to add additional claims and parties to his complaint. [16]. On February 6, 2014, the Court denied that motion as moot noting that at the time the motion was filed, Sango would have otherwise been permitted to amend his complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B). [34]. The Court gave Sango until March 6, 2014, to file an amended complaint containing "*all* of his claims and factual allegations

against *all* defendants in one document." (*Id.* at 2). Sango did not timely file an amended complaint. He did, however, file an amended complaint on April 14, 2014. [76].

On April 29, 2014, this Court held a telephonic status conference among the parties. Sango reported that he had never received the Court's February 6 order, claiming that he continues to have his legal mail taken as part of the retaliation of which he complains in his suit. Sango informed the Court that when he received the MDOC defendants' motion to dismiss, he filed a number of motions with the Court, including his motion for supplemental jurisdiction (which sought to add certain claims). [66]. The Court granted Sango permission to file a complete amended complaint, including all claims against all proposed defendants, by May 13, 2014. [83]. On May 8, 2013, Sango filed an amended complaint, which is now the operative one. [90].

B. Analysis

An amended complaint, when filed, supplants the original complaint and becomes the only live complaint in the case. *Parks v. Federal Express Corp.*, 1 Fed. Appx. 273, 277 (6th Cir. 2001). *See also Long v. County of Saginaw*, 2014 WL 1845811, at *3 fn. 1 (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)) ("Because amended pleadings supersede original pleadings, 'the original pleading no longer performs any function in the case …'"). Therefore, any motions directed at the original complaint are moot in the face of the filing of the amended complaint. *See Allstate Ins. Co. v. Prescription Partners, LLC*, 2013 U.S. Dist. LEXIS 138536, *2 (E.D. Mich. Sept. 5, 2013) (denying as moot defendant's motion to dismiss original complaint in face of filing of amended complaint).

Because the above-cited motions filed by Sango relate to his original complaint, they are

2

now moot in the face of his amended complaint, and thus should be denied. The point of this recommendation is not to ask Sango to "reinvent the wheel" and re-file his motions; the motions are substantively moot. For instance, in Sango's "Motion for Supplemental Jurisdiction" [66], he seeks permission to add a state tort claim. That request is moot since the Court subsequently granted Sango permission to file (and he did file) an amended complaint containing all claims he wished to bring. Similarly, Sango's Motion for Summary Judgment [27] is now moot because his amended complaint contains new and different allegations which bear on the merits of his claims. Thus, to the extent Sango believes he is entitled to summary judgment, he will need to file a new motion tailored to the allegations in his operative amended complaint.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS DENYING** Sango's Motion for Summary Judgment **[27]** and Motion for Supplemental Jurisdiction **[66] AS MOOT**.

Dated: May 22, 2014  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                                    s/Eddrey O. Butts
                                                    EDDREY O. BUTTS
                                                    Case Manager

Dated:  May 22, 2014