UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

                    Plaintiff,          Civil Action No. 13-12808
                                              Honorable Arthur J. Tarnow
                                              Magistrate Judge David R. Grand

     v.

DAPHNE JOHNSON *et al.*,
                  Defendants.

_____/

# REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS JEFFREY DAVIS AND INSPECTOR UNKNOWN OLSON, AND TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [190]

**I.    RECOMMENDATION**

On October 29, 2014, this Court recommended granting dispositive motions that had been filed by various of the defendants in this case. [203]. The only other defendants named in this case are Jeffrey Davis and Inspector First Name Unknown Olson (hereinafter "Defendants"), neither of whom has been served. [123, 124]. Plaintiff Robert Sango has recently filed a motion for default judgment against these two Defendants for failing to respond or otherwise plead. [190]. For the following reasons, the Court RECOMMENDS denying Sango's motion for default [190] and dismissing his claims against both Defendants.

**II.    REPORT**

    **A.    Background**

The full background of this case having been laid out in this Court's recent Report and Recommendation recommending the dismissal of the claims raised in Sango's amended complaint [203], the Court will limit its discussion here to the claims against the Defendants.

Sango's claims arise out of his allegation that a group of correctional officers, including Defendants, conspired to retaliate against him for exercising his First Amendment right to grieve officer conduct and litigate against the prison and its officers. [90].

Specifically related to Defendants, Sango alleges that he was the victim of an illegal cell search which turned up certain witness statements Sango had been compiling against other correctional officers. When these statements were discovered, Sango alleges he was attacked by correctional officer Nick Guthrie, and then framed as the alleged instigator of the attack. *Id.* Sango was allegedly criminal charged as a result of the attack, though he has provided the Court with a document which appears to be a judgment of acquittal on those charges following a jury trial. [168, 201].

The entirety of Sango's allegations against defendant Davis are as follows: "C/O [correctional officer] Davis later documented false statements, conspiring to cover for [Officer] Guthrie, stating I had threatened Guthrie then attacked him (contradicting Guthrie and the video)." [90 at ¶ 15]. Sango's allegations against Inspector Olson state *in toto*: "During this entire escalation, I continued to notify Inspector Olson, who never interviewed any witnesses, or looked at the camera, but he did send the contradictory Critical Incident Report to MSPS for formal charges to be pressed without investigating the report, interviewing inmates, etc." *Id.* ¶ 20.

    **A.**    **Motion for Default Judgment [190]**

Sango moves for a default judgment against Defendants for allegedly failing to answer or otherwise plead in response to the complaint. However, as the docket clearly shows, the waivers of service sent to Defendants were returned unexecuted. [123, 124]. Therefore, Defendants have not yet been served in this action and had no duty to respond to Sango's complaint. *See* Fed. R.

Civ. P. 4(c), (d). Therefore, no default, let alone a default judgment, can be entered against them, and Sango's motion should be denied. Fed. R. Civ. P. 55.

Sango's assertion that Davis testified against him at his criminal trial does not change matters. Sango does not allege that Davis was made aware at that time of Sango's pending action against him. Nor does Sango assert that, even if Davis was made aware, it would obviate the requirement that he be properly served with the summons and complaint.[1] Furthermore, as the Court finds below that Sango has not stated a claim against either of the Defendants, his motion for default judgment could further be denied as simply being moot. Finally, Sango's failure to seek and obtain a Clerk's Entry of Default prior to moving for default judgment makes his motion noncompliant with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; *See Lewis v. Detroit Pub. Sch.*, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013) (noting that entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b)). For all these reasons, the Court recommends denying Sango's motion for default judgment. [190].

B.      *Sua Sponte* **Dismissal Pursuant to 28 U.S.C. § 1915**

Under the Prison Litigation Reform Act, ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of

---

[1] The Court notes that the reasons for the return of the waivers as unexecuted are that Davis was on extended leave and Olson no longer works for the Michigan Department of Corrections. [123, 124]. If this Court were to have found that Sango's claims against these defendants stated a claim for relief, the Court would have otherwise required alternate addresses for these Defendants. However, under the circumstances, the Court finds this step unwarranted.

3

the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 129 S.Ct. at 1949. *See also*, *Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 Fed. Appx. 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129

S.Ct. at 1949.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

The Court first addresses Sango's claims against defendant Olson. It is well-settled that a civil-rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See*, e.g., *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (holding that § 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (explaining that a plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Sango's entire complaint against Olson is that he did not properly respond to calls for investigation of alleged misconduct by another official. [90 at ¶ 20]. But Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to investigate information contained in a grievance. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) (no Section 1983 liability where defendant is merely alleged to have failed to investigate another individual's alleged wrongdoing); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) (same).[2] Therefore Sango's claims against Olson should be dismissed.

With regard to his claims against defendant Davis, Sango has similarly failed to state a

---

[2] The Court explained this legal principle in detail in its Report and Recommendation of today's date [203 at 14-16], and it incorporates that discussion here by reference.

claim upon which relief can be granted. Sango's federal claim against Davis, while couched as a civil conspiracy claim, also necessarily encompasses a claim for retaliation, for without an underlying constitutional violation there can be no conspiracy. *See, e.g.*, *Wiley v. Oberlin Police Dep't*, 330 Fed. Appx. 524, 530 (6th Cir. 2009) (citing *Bauss v. Plymouth Twp.*, 233 Fed. Appx. 490, 500 (6th Cir. 2007)).

In order to plead a retaliation claim, Sango must show that: 1) he engaged in protected conduct; 2) Defendant took an adverse action against him that would deter a person of ordinary firmness from engaging in the protected conduct; and 3) Defendant was motivated, at least in part, to take the adverse action because of Sango's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), aff'd, 774 F.2d 1167 (7th Cir. 1985). However, bare allegations of malice do not suffice to establish a constitutional claim. *Crawford-El v. Britton*, 523 U.S. 574, 588, 140 L. Ed. 2d 759, 118 S. Ct. 1584 (1998); Thaddeus-X, 175 F.3d at 399.

Here, Sango pleads no more than bare assertions of retaliation by defendant Davis. He alleges that Davis fabricated statements to support officer Guthrie, but fails to allege any specific facts in support of his assertions against Davis. He does not allege that this action was taken with the purpose of preventing Sango from exercising his constitutional rights, or that Davis even was aware of Sango's litigation against other officers.[3] While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and

---

[3] Further, it would seem that on Sango's very allegations, Davis's conduct would have the opposite effect – indeed, if Davis's "fabricated" account actually contradicts Guthrie's, he is failing in any attempt to "cover for Guthrie," as Sango alleges. [90 ¶15].

6

conclusions. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). Because conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983, Sango's claims regarding defendant Davis's alleged fabrication of statements should be dismissed. *Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555.

In addition to his federal claims, Sango also alleges various state claims against Defendants. Because the Court recommends dismissing Sango's federal claims against Defendants, it also recommends declining to exercise supplemental jurisdiction over any remaining state law claims against them. "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Consequently, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-1916, 1998 U.S. App. LEXIS 18242, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998). Accordingly, Sango's state law claims against Defendants should be dismissed without prejudice.

### III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS DENYING** Sango's Motion for Default **[190]** and, pursuant to 28 U.S.C. § 1915, *sua sponte* **DISMISSING WITH**

**PREJUDICE** Sango's federal claims against the unserved defendants Davis and Olson for failure to state a claim upon which relief can be granted, and **DISMISSING WITHOUT PREJUDICE** Sango's state law claims against those Defendants.

Dated: October 29, 2014                    s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                            United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                            s/Eddrey O. Butts

                                        EDDREY O. BUTTS
                                        Case Manager

Dated: October 29, 2014