UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

        Plaintiff,

v.

DAPHNE JOHNSON, ET AL.,

        Defendant.

_____/

Case No. 13-12808

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID GRAND

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER [250]**

Before the Court is Plaintiff's Motion for Relief from the Order [250], filed on September 15, 2015, seeking relief from an order granting summary judgment, filed on March 18, 2015. For the reasons stated, Plaintiff's Motion for Relief from Order is **DENIED**.

**A. ANALYSIS**

Plaintiff argues that he is entitled to relief from the Order Granting Summary Judgment on two grounds. First, he asserts that relief should be granted because he was not allowed discovery before the summary judgment motion was decided; and second, Plaintiff argues that the Report and Recommendation (R&R) does not adequately reflect the factual record because it failed to consider evidence filed by Plaintiff as a Response to Defendant's Summary Judgment motion on October 29, 2014 [208].

1

While the Plaintiff cites Federal Rule of Civil Procedure (Fed. R. Civ. P.) 60(a) as the basis for his Motion, he does not cite a "clerical mistake, oversight or omission" as the basis for his Motion. Rather, the Court considers this Motion to be more properly considered as a Motion for Relief from Final Judgment, Order or Proceeding under Fed. R. Civ. P. 60(b)(6), because Plaintiff seeks relief from the Court's final order granting Defendant Summary Judgment for reasons he contends mandates relief. [250].

> Fed. R. Civ. P. 60(b) provides:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Relief sought from motions brought pursuant to Fed. R. Civ. P. 60(b)(6) is considered "extraordinary relief" and is to be granted only in exceptional circumstances." *Johnson v. Genesee Cty.,* No. 12-CV-10976, 2015 WL 6671521, at *2 (E.D. Mich. Nov. 2, 2015), *citing Ackermann v. United States*, 340 U.S. 193, 202

2

(1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), cert. denied, 474 U.S. 1104 (1986). "Exceptional circumstances" under Rule 60(b)(6) has been interpreted to mean "unusual and extreme situations where principles of equity <u>mandate</u> relief." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).

## 1. THE GRANTING OF SUMMARY JUDGMENT PRIOR TO OPPORTUNITY FOR DISCOVERY

Plaintiff argues that he was entitled to discovery before summary judgment could be appropriately entered and, since discovery had been stayed by the Magistrate Judge [104], the order granting summary judgment must be vacated. It is correct that it is likely to be an abuse of discretion if the Court denies a Rule 56(f) motion and rules on Summary Judgment without the opportunity for discovery by the non-movant. *Ball v. Union Carbide Corp.,* 385 F.3d 713, 719 (6th Cir.2004). However, limited exceptions exist that permit the Court to deny motions for summary judgment without discovery. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420-21 (6th Cir. 2008). For example, if the Court "deems as too vague the affidavits submitted in support of the motion," then it is not an abuse of discretion to deny discovery and rule on the motion for summary judgment. *Id*, *citing Ball,* 385 F.3d at 720. The denial of discovery is

also allowed if the Court determines that "further discovery would not have changed the legal and factual deficiencies." *Maki v. Laakko,* 88 F.3d 361, 367 (6th Cir.1996), *cert. denied,* 519 U.S. 1114, 117 S.Ct. 956, 136 L.Ed.2d 842 (1997).

In his Motion for relief, Plaintiff does not raise any new arguments concerning what would be unearthed in discovery that would lead to a different legal and factual determination. Plaintiff merely inaccurately states that "summary judgment must be refused where the non-moving party has not been allowed discovery." [250]. The Court does not accept the argument that summary judgment is always premature when Plaintiff has not been permitted to take discovery. Because the Plaintiff again fails to specify what further discovery would be required and how that discovery would affect the summary judgment result, the Court rejects this argument in favor of granting relief from judgment.

## 2. PLAINTIFF'S EVIDENCE NOT CONSIDERED BY THE R&R OR THE ORDER GRANTING SUMMARY JUDGMENT

Plaintiff argues that he presented documents for consideration in response to the Motion for Summary Judgment that were not considered in the R&R or in the Order Granting Defendants' Motion for Summary Judgment. On the same day that the R&R was filed, Plaintiff filed a response to Defendants' Motion for Summary Judgment [208] that contained evidence directly contradicting some of the evidence considered by the Magistrate Judge. Specifically, the response contained evidence that

4

Plaintiff had filed a Step I grievance that was pertinent to this case and a Step III grievance form and response, while the R&R stated that Plaintiff had never filed a Step I grievance.

In resolving the Motion for Summary Judgment, the R&R states that, under the Prison Litigation Reform Act a prisoner must exhaust available administrative remedies before bringing an action challenging prison conditions. 42 U.S.C. §1997e. In order to comply with the statute and effectively exhaust administrative remedies, Plaintiff would have to complete the grievance procedures included in MDOC Policy Directive 03-02-130. These procedures are summarized in the R&R as follows:

> Inmates must first attempt to resolve a problem within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his control. [153, Ex. A at ¶ P]. If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted resolution. *Id.* The Policy Directive also provides the following directions for completing Step I grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator who makes an initial determination whether it should be rejected under MDOC policy or assigns it to a respondent. *Id.* at ¶¶ W, X. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. The respondent at Step II is designated by the policy. The Step II respondent is generally the warden or the warden's designee. *Id.* at ¶ DD. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he

may appeal to Step III using the same appeal form. *Id*. At ¶ FF. The Step III appeal form must be sent to the Grievance and Appeals Section within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id*. at ¶ FF. The Grievance and Appeals Section is the Step III respondent. *Id*. at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. Id. at ¶ S. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." *Id*. Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process.

The R&R concludes that the Plaintiff did not exhaust the administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. §1997e because he had only filed a Step III grievance without first filing a Step I grievance, based on an affidavit and evidence provided by Defendants in their Motion for Summary Judgment [153].

Plaintiff's response contains exhibits that include: Plaintiff's Step I grievance form and response; a mostly illegible disbursement authorization/catalog order form; and a Step III grievance form and response. Plaintiff's evidence submitted in the Response to Summary Judgment [208] plainly shows that a Step I grievance was filed on July 11, 2013 and received a negative response from MDOC on July 19, 2013 [208 at 5-6]. While the evidence presented by Plaintiff in his response does show that he completed a Step I grievance, it does not ultimately change the determination reached by the Court concerning the Motion for Summary Judgment because the evidence

6

submitted by the Plaintiff does not show that Plaintiff exhausted administrative remedies.

A Step III grievance appeal form acts as a Step II and a Step III appeal form. Plaintiff's evidence shows that the form was filed out by Plaintiff for Step II, it also establishes that the Step II grievance was never received by the Grievance Coordinator. As the October 11, 2013 response letter provided by Plaintiff states, neither the completed Step I completed grievance form and response, nor the Step II grievance response was ever received with Plaintiff's Step III appeal, per MDOC's grievance procedures. Plaintiff was invited to return his appeal with the Step I grievance form and response enclosed so that the Step III grievance process could be completed, but the only evidence shown of those efforts is a receipt for a mailing with illegible writing alleging that the documents were sent [208].

This evidence does not rebut the R&R's conclusion that the grievance process was not exhausted. The Court agrees with its previous statement in the Order Granting Defendants' Motion for Summary Judgment [233] that Plaintiff is merely "disputing that he did not complete the internal grievance procedure without offering any proof of that claim." Because the Plaintiff has failed to allege that further discovery will unearth documents to prove that the process was exhausted, the Court rejects this argument for relief.

**B. CONCLUSION**

Plaintiff's Motion for Relief [250] does not meet the "exceptional circumstances" required for relief pursuant to Rule 60(b)(6). *Olle*, 910 F.2d at 365 (1990). In addition, neither of Plaintiff's arguments for relief have any dispositive effect on the Court's decision to grant Defendants' Motion for Summary Judgment. Therefore, Plaintiff's Motion for Relief [250] is **DENIED.**

**IT IS ORDERED** that Plaintiff's Motion for Relief [250] is **DENIED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 10, 2015                Senior United States District Judge