UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

    Plaintiff,

v.

DAPHNE JOHNSON, ET. AL.,

    Defendant.

_____/

Case No. 13-12808

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER [259]**

On December 10, 2015, the Court entered an Order denying Plaintiff's Motion for Relief from Order [257]. In response to this Order, Plaintiff filed on December 22, 2015 another Motion for Relief from Order, seeking relief from the Order that denied his previous Motion for Relief from Judgment [259]. For the reasons stated below, this Motion is **DENIED.**

    Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;

1

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Relief sought from motions brought pursuant to Fed. R. Civ. P. 60(b)(1) address relief to be provided in only two specific situations:

> (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000).

In his Motion, Plaintiff objects to the following: (1) the Court granting summary judgment prior to discovery; (2) the Court adopting the Magistrate's Report and Recommendation that dismissed all of Plaintiff's claims despite Plaintiff's allegations of bias against the Magistrate Judge; and (3) the Court's analysis of the issue of exhaustion of remedies.

Firstly, regarding the ruling granting Plaintiff's Motion for Summary Judgment without affording Plaintiff the opportunity for discovery, Plaintiff points out in his Motion that the Court cited a case that mentioned a *denial* of a Motion

2

for Summary Judgment before discovery. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, (6th Cir. 2008). While this is true, the case was cited for its clear annunciation of the standard which a non-moving party must meet in order for a Court to go through with a summary judgment hearing prior to discovery. In fact, as shown in *Lanier v. Bryant*, a Court does not abuse discretion in *granting* a Motion for Summary Judgment prior to discovery if Plaintiff has not "show[n] that he could have obtained information through discovery that would disclose material facts" and further states that "[n]ebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing." 332 F.3d 999, 1006 (6th Cir. 2003). This standard is uniformly used by the 6th Circuit when analyzing whether a District Court has abused their discretion by granting a Motion for Summary Judgment prior to discovery. *See e.g. Gordon v. Barnes Pumps, Inc.*, 999 F.2d 133, 138 (6th Cir.1993).

Once again, the Court agrees with the Report and Recommendation that Plaintiff has not presented anything beyond nebulous assertions that discovery would disclose material facts. Plaintiff merely falls back on the inaccurate argument that summary judgment must be denied if discovery has not been allowed for a non-moving party. Therefore, the Court rejects this argument as a basis for relief from order.

In response to Plaintiff's assertion that he is entitled to relief from judgment due to the fact that the Magistrate was biased and the case should have been reassigned to a different Magistrate, the Court agrees with the Sixth Circuit who, in an Order considering that issue on appeal, stated that:

> other than pointing to the magistrate judge's adverse recommendation, Sango has failed to support his argument that the magistrate judge was biased. The adverse recommendation is insufficient to establish a judicial-bias claim.

*Robert Sango v. Daphne Johnson, et* al, Case No. 14-2294, (6th Cir. Nov. 5, 2015), *citing Liteky v. United States*, 510 U.S. 540, 555 (1994).

Finally, Plaintiff contends that he has in fact exhausted his administrative remedies and summary judgment should not be granted on his claims. Plaintiff's argument is once again without merit. As the Court last explained in their Order [259], Plaintiff has not submitted evidence that he submitted all the documents that were required to complete the grievance report. All that is presented is disbursement authorization/catalog order form, which, almost unreadable, is supposed to state that he sent in his step II grievance forms as required to exhaust administrative remedies. However, there is no evidence of it ever being submitted and a sworn affidavit contradicts this disbursement authorization/catalog order form. Given that there is no evidence that the step II grievance was ever received, even if the Court takes as true the evidence that it was mailed, a failure to respond

4

cannot be proven given that it cannot be alleged that the step II grievance documents were ever received, and thus the full step III requirements were not exhausted by Plaintiff, therefore the Court once again denies Plaintiff's Motion for the same reasons stated in the previous Order [259].

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Order [259] is **DENIED.**

**SO ORDERED**.

Dated: April 5, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge